**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **LOUIS SANTOS,** | § | |
| | § | |
| **V.** | § | **A-11-CA-257-SS** |
| | § | |
| **RICK THALER, Director,** | § | |
| **Texas Dept. of Criminal Justice-** | § | |
| **Correctional Institutions Division** | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE SAM SPARKS
UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1); Petitioner's Memorandum in Support (Document 3); Respondent's Answer (Document 10); and Petitioner's response thereto (Document 11). Petitioner, represented by counsel, has paid the filing fee for his application. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be denied.

## STATEMENT OF THE CASE

### A. Petitioner's Criminal History

According to Respondent, the Director has lawful and valid custody of Petitioner pursuant to a judgment and sentence of the 147th Judicial District Court of Travis County, Texas, in Cause No. D-1-DC-07-500551. Petitioner was charged with burglary of a habitation with intent to commit

theft enhanced by a prior conviction, to which he entered a plea of not guilty to the jury. On May 21, 2008, a jury found Petitioner guilty as charged, and finding the enhancement allegations to be true, the trial court assessed punishment at twenty years incarceration.

Petitioner's convictions were affirmed by the Third Court of Appeals of Texas on June 3, 2009. Santos v. State, No. 03-08-00500-CR, 2009 WL 1563571 (Tex. App.– Austin, June 3, 2009, no pet.). Petitioner did not file a petition for discretionary review.

On June 3, 2010, Petitioner filed an application for state writ of habeas corpus requesting an out-of-time PDR. Ex parte Santos, Appl. No. 74,544-01 at 26-37. On September 15, 2010, the Court of Criminal Appeals denied relief without written order on the findings of the trial court. Id. at cover. On September 24, 2010, Petitioner filed a "Suggestion that the Court Reconsider on its Own Motion the Denial of Applicant's Article 11.07 Application for Writ of Habeas Corpus." On October 11, 2010, the Court of Criminal Appeals indicated it would take no action. Id. at Supp.

Petitioner filed a state habeas application challenging his conviction on November 5, 2010. Ex parte Santos, Appl. No. 74,544-02 at 17-148. The Court of Criminal Appeals denied relief without written order on the findings of the trial court without a hearing on March 30, 2011. Id. at cover. Petitioner filed his federal application for habeas corpus relief the same day.

**B. Factual Background**

The factual background of this case is found in the Court of Appeals' opinion and is repeated below.

> In June 2007, Merced and Guadalupe Ojeda hired a friend, Earle Molina, to paint the exterior of their house in southeast Travis County. Molina hired appellant to assist him. On the first day of the project, the Ojedas, who worked for the same employer, returned home for lunch. While they were there, appellant asked permission to use the bathroom. The Ojedas permitted him to use the bathroom next

to the utility room. The next day, Mrs. Ojeda was not feeling well and did not go to work. At about 8:30 a.m., as she lay in bed, she heard the sound of drawers being opened. At first, she thought that her husband had come home. She got up and walked down the hall to a front bedroom, where she found appellant rummaging through a dresser drawer. Appellant told Mrs. Ojeda that he was looking for rags. She told appellant that she had no rags and ordered him to leave the house. The Ojedas reported this incident to the sheriff's department, and it was determined that appellant had entered the house through a window in the kitchen, which was next to the utility room and bathroom appellant had used the previous day. The Ojedas elected not to press charges against appellant, although they did ask Molina to take him off the job.

Four months later, on October 5, 2007, Mrs. Ojeda returned home from work at 5:30 p.m. to discover that someone had forced open the outside door to the utility room, entered the house, and stolen a considerable amount of jewelry from a dresser drawer in the master bedroom. At 2:20 p.m. that same day, three hours before the burglary was discovered, appellant sold several pieces of the Ojedas' stolen jewelry at an Austin pawn shop.

Santos v. State, No. 03-08-00500-CR, 2009 WL 1563571, at *1 (Tex. App.– Austin, June 3, 2003, no pet.).

**C. Petitioner's Grounds for Relief**

Petitioner raises the following grounds for relief:

1. His trial counsel performed ineffectively by failing to:

   a. object to an extraneous act: that Mrs. Ojeda found Petitioner in her house looking through her dresser drawers on a previous instance on the ground that the incident was not relevant to the instant offense;

   b. object to the same extraneous act on the ground that the probative value of the incident was outweighed by its potential prejudice to the jury; and

   c. properly investigate the case and realize that the State would introduce evidence that Petitioner had pawned items stolen from Ojeda's house on the day of the offense;

3. His appellate counsel performed ineffectively by failing to:

   a. correctly raise the issue of the improper admission of extraneous offense evidence; and

b. inform Petitioner of the ramifications of not filing a petition for discretionary review; and

4. Texas law does not adequately protect Petitioner's due process rights by failing to require appellate counsel to warn a client of the ramifications of not filing a PDR.

**D. Exhaustion of State Court Remedies**

Respondent does not contest that Petitioner has exhausted his state court remedies regarding the claims brought in this application. A review of the state court records submitted by Respondent shows that Petitioner has properly raised these claims in previous state court proceedings.

**E. Statute of Limitations**

Respondent moves to dismiss Petitioner's application as time-barred. Respondent argues Petitioner's "Suggestion that the Court Reconsider on its Own Motion the Denial of Applicant's Article 11.07 Application for Writ of Habeas Corpus" did not operate to toll the limitations period.

## DISCUSSION AND ANALYSIS

**A. Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. See 28 U.S.C. § 2244(d). That section provides, in relevant part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's conviction became final, at the latest, on July 3, 2009, at the conclusion of time during which he could have filed a petition for discretionary review with the Texas Court of Criminal Appeals, which according to TEX. R. APP. R. 68.2, is 30 days following the court of appeals' judgment affirming his conviction. Gonzalez v. Thaler, 623 F.3d 222 (5th Cir. 2010) (holding a conviction becomes final when the time for seeking further direct review in the state court expires). At the time Petitioner filed his first state application for habeas corpus relief on June 13, 2010, only thirty days remained of the one-year limitations period. The Texas Court of Criminal Appeals denied Petitioner's application on September 15, 2010.

On September 24, 2010, before the limitations period expired, Petitioner filed a "Suggestion that the Court Reconsider on its Own Motion the Denial of Applicant's Article 11.07 Application for Writ of Habeas Corpus." On October 11, 2010, the Court of Criminal Appeals indicated it would take no action on the motion. Id. at Supp. The federal limitations period is tolled for "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" § 2244(d)(2). Texas law provides that "A motion for rehearing an order that denies habeas corpus relief . . . may not be filed." TEX. R. APP. P. 79.2(d) (West 2011). However, the Court of Criminal Appeals "has entertained motions for

reconsideration, notwithstanding the language in . . . Rule 79.2(d)." Emerson v. Johnson, 243 F.3d 931, 934 (5th Cir. 2001). When a motion for rehearing is properly filed within the § 2244(d) limitations period, that period is tolled from the date of the habeas denial, as if the motion for rehearing is a further step in the state habeas process. Lookingbill v. Cockrell, 293 F.3d 256, 261 (5th Cir. 2002); Emerson, 243 F.3d at 935; see Melancon v. Kaylo, 259 F.3d 401, 406-07 (5th Cir. 2001) (the intervals between disposition of state habeas application and timely filing of an application for review at the next level are not counted); Gordon v. Dretke, 107 Fed. App'x 404, 406 (5th Cir. 2004) (noting that a motion to reconsider denial of state habeas application was filed after the expiration of the § 2244(d) limitations period, distinguishing case from Emerson and Lookingbill). The limitations period is tolled "only as long as the Texas courts take to resolve the motion or suggestion for reconsideration." Emerson, 243 F.3d at 935.

Respondent contends Petitioner's suggestion for reconsideration was never filed and the court never entertained such motion. Respondent argues the motion should not toll the limitations period, because the Texas Court of Criminal Appeals stamped the motion with the notation "NO ACTION TAKEN." Although the Court of Criminal Appeals indicated no action would be taken on Petitioner's motion, the motion was in fact received by the clerk of court and added to the court's docket. Accordingly, the limitations period was tolled by the motion until the court indicated no action would be taken.

Petitioner filed his second state habeas application challenging his conviction on November 5, 2010. At that time, only five days remained of the one-year limitations. The Court of Criminal Appeals denied relief without written order on the findings of the trial court without a

hearing on March 30, 2011. Petitioner filed his federal application that same day before the limitations period had expired. Accordingly, Petitioner's application is not time-barred.

**B. The Antiterrorism and Effective Death Penalty Act of 1996**

The Supreme Court recently had the opportunity to summarize the basic principles that have grown out of the Court's many cases interpreting the 1996 Antiterrorism and Effective Death Penalty Act. See Harrington v. Richter, 131 S. Ct. 770, 783-85 (2011). The Court noted that the starting point for any federal court in reviewing a state conviction is 28 U.S.C. § 2254, which states in part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The Court noted that "[b]y its terms, § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)." Id.

One of the issues Harrington resolved was "whether § 2254(d) applies when a state court's order is unaccompanied by an opinion explaining the reasons relief has been denied." Id. Following all of the Courts of Appeals' decisions on this question, Harrington concluded that the deference due a state court decision under § 2554(d) "does not require that there be an opinion from the state court explaining the state court's reasoning." Id. (citations omitted). The Court noted that it had previously concluded that "a state court need not cite nor even be aware of Supreme Court cases to

obtain deference under § 2254(d)." Id. (citing Early v. Packer, 537 U.S. 3, 8 (2002) (per curiam)). When there is no explanation with a state court decision, the habeas petitioner's burden is to show there was "no reasonable basis for the state court to deny relief." Id. And even when a state court fails to state which of the elements in a multi-part claim it found insufficient, deference is still due to that decision, because "§ 2254(d) applies when a 'claim,' not a component of one, has been adjudicated." Id.

As Harrington noted, § 2254(d) permits the granting of federal habeas relief in only three circumstances: (1) when the earlier state court's decision "was contrary to" federal law then clearly established in the holdings of the Supreme Court; (2) when the earlier decision "involved an unreasonable application of" such law; or (3) when the decision "was based on an unreasonable determination of the facts" in light of the record before the state court. Id. (citing 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 412 (2000)). The "contrary to" requirement "refers to the holdings, as opposed to the dicta, of . . . [the Supreme Court's] decisions as of the time of the relevant state-court decision." Dowthitt v. Johnson, 230 F.3d 733, 740 (5th Cir. 2000).

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by . . . [the Supreme Court] on a question of law or if the state court decides a case differently than . . . [the Supreme Court] has on a set of materially indistinguishable facts.

Id. at 740-41. Under the "unreasonable application" clause of § 2254(d)(1), a federal court may grant the writ "if the state court identifies the correct governing legal principle from . . . [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. The provisions of § 2254(d)(2), which allows the granting of federal habeas relief when the state court made an "unreasonable determination of the facts," are limited by the terms of the next section

of the statute, § 2254(e). That sections states that a federal court must presume state court fact determinations to be correct, though a petitioner can rebut that presumption by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1). But absent such a showing, the federal court must give deference to the state court's fact findings. Id.

1. Ineffective Assistance of Trial Counsel

In his first ground for relief Petitioner argues his trial counsel was ineffective by failing to object to an extraneous act on the ground that the incident was not relevant to the instant offense or that the probative value of the incident was outweighed by its potential to prejudice the jury. Petitioner also contends his trial counsel was ineffective by failing to properly investigate the case and realize the State would introduce evidence that Petitioner had pawned items stolen from the victim's house on the day of the offense.

Ineffective assistance of counsel claims are analyzed under the well-settled requirements set forth in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984).

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant can make both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

Id. at 687, 104 S. Ct. at 2064.

For the first requirement, the proper measure of attorney performance is "simply reasonableness under prevailing professional norms." Id. at 688, 104 S. Ct. at 2065. In deciding whether counsel's performance was deficient, the Court applies a standard of objective

reasonableness, keeping in mind that judicial scrutiny of counsel's performance must be highly deferential. Id. at 686-89, 104 S. Ct. at 2064-65. "[A] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id. at 689, 104 S. Ct. at 2065. Indeed, the Supreme Court has established that counsel should be "'strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment,'" and cautioned against an "'intrusive post-trial inquiry into attorney performance'" and the "'tempt[ation] for a defendant to second-guess counsel's assistance after conviction or adverse sentence.'" Cullen v. Pinholster, – U.S. –, 131 S. Ct. 1388, 1403 (2011) (quoting Strickland, 466 U.S. at 688-90, 104 S. Ct. at 2065-66).

For the second requirement, the question is whether there is a reasonable probability that, absent the alleged error, the result of the proceeding would have been different, a question that must be considered in the context of the entire evidence. Strickland, 466 U.S. at 694-95, 104 S. Ct. at 2068-69. A reasonable probability is "'a probability sufficient to undermine confidence in the outcome,'" Pinholster, 131 S. Ct at 1403 (quoting Strickland, 466 U.S. at 694, 104 S. Ct. at 2068), which requires a "'substantial,' not just 'conceivable,' likelihood of a different result," id. (quoting Harrington, 131 S. Ct. at 791).

Accordingly, in order to prevail on a claim of ineffective assistance of counsel, a habeas petitioner must show that: (1) counsel's representation fell below an objective standard of reasonableness; and (2) there is a substantial likelihood that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at 1403; Strickland, 466 U.S. at 687, 104

S. Ct. at 2064. Because a convicted defendant must satisfy both Strickland requirements to demonstrate ineffective assistance, a failure to establish either deficient performance or prejudice makes it unnecessary to consider the other requirement. Id. at 697, 104 S. Ct. at 2069; Black v. Collins, 962 F.2d 394, 401 (5th Cir. 1992).

In addition to the "highly deferential" view taken of counsel's performance under Strickland, 466 U.S. at 689, 104 S. Ct. at 2065, the Court is also limited in its examination of such claims by the "'deferential lens of § 2254(d).'" Pinholster, 131 S. Ct. at 1404 (quoting Knowles v. Mirzayance, 556 U.S. –, – n.2, 129 S. Ct. 1411, 1419 n.2 (2009)). In this way, the Court's review of the state habeas court's determination of ineffective assistance claims is "'doubly'" deferential. Harrington, 131 S. Ct. at 788 (quoting Knowles, 129 S. Ct. at 1420).

As discussed below, Petitioner's ineffective-assistance claim fails to satisfy Strickland's and the AEDPA's requirements.

a. *Extraneous Offense Evidence*

Petitioner argues counsel's performance was deficient for failing to adequately challenge the admission of evidence that he was found in the victim's home, without permission, on another date. Specifically, Petitioner contends counsel should have challenged the evidence on both the grounds that it was inadmissible extraneous offense evidence and that its probative value was outweighed by its potential to prejudice his defense.

On direct appeal Petitioner challenged counsel's failure to object to the extraneous offense evidence. The appellate court noted it must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. Santos v. State, No. 03-08-00500-CR, 2009 WL 1563571, at *3 (Tex. App. – Austin 2009). The court determined counsel could have

reasonably concluded that the previous burglary was relevant, and hence admissible, to prove Petitioner's knowledge of the Ojeadas' house and his intent to steal their property, and in that way to substantiate Petitioner's identity as the October burglar. Id. The court further determined it was reasonable for counsel to conclude that the evidence was more probative than unfairly prejudicial. Id. Accordingly, the court concluded counsel could not be deemed ineffective for failing to object to evidence that was, on balance, unobjectionable. Id.

Petitioner raised the same claim in his state application for habeas corpus relief. The Texas Court of Criminal Appeals denied the claim without written order on the findings of the trial court. Ex parte Santos, Appl No. 74,544-02 at cover. The state habeas court concluded evidence of the prior burglary was probative to show Petitioner's knowledge of the homes interior and intent to steal items inside the home, which combined with proof of Petitioner's pawning stolen items on the day of the burglary, outweighed the prejudice of showing that he was a thief in general. Id. at 153.

Texas law allows evidence of extraneous offenses committed by the accused to be admitted to show a common scheme or motive, or to show intent or identity, when either or both are at issue. TEX. R. CRIM. EVID. 404(b); Albrecht v. State, 486 S.W.2d 97, 100 (Tex. Crim. App. 1972); Hafti v. State, 416 S.W.2d 824, 825 (Tex. Crim. App. 1967). Evidence may be admitted "on the widely recognized principle that similar but disconnected acts may be shown to establish intent, design, or system;" and the fourteenth amendment leaves a state court free to adopt such a rule of relevance. Lisenba v. California, 314 U.S. 219, 227-228, 62 S. Ct. 280, 285-286 (1941).

In Petitioner's case the extraneous offense evidence was relevant and probative to showing knowledge, intent and identity. In addition, as explained by the state court, the probative value of the of the evidence outweighed the prejudice of showing that Petitioner was a thief in general.

Therefore, counsel was not deficient in failing to object to the evidence. Having reviewed the state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence. Accordingly, Petitioner is not entitled to habeas corpus relief.

b. *Inadequate Investigation*

Petitioner next argues counsel's performance was deficient because he failed to research and investigate the case and determine the State intended to introduce evidence that Petitioner had pawned items stolen from the Ojedas on the day of the burglary and advise Petitioner as such. He argues this fact should have compelled counsel to settle on a different trial strategy. Petitioner contends he would have accepted a plea bargain had he known that evidence that a defendant pawned items on the day of a burglary could be sufficient to uphold a conviction. The state court records fail to indicate Petitioner or his counsel was surprised that the State intended to introduce evidence regarding the pawning of stolen items. Additionally, Petitioner has not shown there was another defense available or that a favorable plea offer was available.

As discussed, Strickland commands a strong presumption that counsel's conduct falls within the scope of reasonable professional representation.

> Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

Strickland, 466 U.S. at 689, 104 S.Ct. at 2065 (quotation and citations omitted); see also Pinholster, 131 S. Ct. at 1404 (stating same). To render effective assistance, the Sixth Amendment requires counsel to make a reasonable investigation of defendant's case or to make a reasonable decision that

a particular investigation is unnecessary. Strickland, 466 U.S. at 690-91, 104 S. Ct. at 2066. Petitioner has not overcome the strong presumption that trial counsel rendered adequate assistance and the challenged conduct was the product of reasoned trial strategy. Absent evidence in the record, a court cannot consider a habeas petitioner's mere allegations to raise a constitutional issue. See, e.g., Miller v. Johnson, 200 F.3d 274, 281 (5th Cir. 2000); Ross v. Estelle, 694 F.2d 1008, 1011-12 (5th Cir. 1983) (citing Woodard v. Beto, 447 F.2d 103, 104 (5th Cir. 1971)).

Petitioner also fails to satisfy the second Strickland requirement, prejudice. See Strickland, 466 U.S. at 694-95, 104 S. Ct. at 2068. Petitioner fails to demonstrate a "'substantial,'not just 'conceivable,' likelihood of a different result." Pinholster, 131 S. Ct at 1403 (quoting Harrington, 131 S. Ct. at 791). Without a demonstration of either error or prejudice, Petitioner fails to show that the state court's decision was an unreasonable application of the clearly established federal law of Strickland, or was contrary to that established law. Accordingly, 28 U.S.C. § 2254(d), as amended by the AEDPA, bars habeas relief.

2. Ineffective Assistance of Appellate Counsel

In his second ground for relief Petitioner argues he received ineffective assistance of appellate counsel in that appellate counsel failed to correctly raise the issue of the improper admission of extraneous offense evidence and to inform Petitioner of the ramifications of not filing a petition for discretionary review.

Claims of ineffective assistance of appellate counsel are generally assessed under the same two-part Strickland deficiency and prejudice standard as claims of ineffective assistance of trial counsel. Williams v. Collins, 16 F.3d 626, 635 (5th Cir.), cert. denied, 512 U.S. 1289, 115 S. Ct. 42, (1994). With respect to Strickland's deficiency prong, "[o]n appeal, effective assistance of

counsel does not mean counsel who will raise every nonfrivolous ground of appeal available." Green v. Johnson, 160 F.3d 1029, 1043 (5th Cir. 1998), cert. denied, 525 U.S. 1174, 119 S. Ct. 1107 (1999); see also Ellis v. Lynaugh, 873 F.2d 830, 840 (5th Cir.) ("The Constitution does not require appellate counsel to raise every nonfrivolous ground that might be pressed on appeal."), cert. denied, 493 U.S. 970, 110 S. Ct. 419 (1989). Rather, "[a]ppellate counsel is obligated to only raise and brief those issues that are believed to have the best chance of success." Rose v. Johnson, 141 F. Supp.2d 661, 704-705 (S.D. Tex. 2001). "[O]nly when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." Gray v. Greer, 800 F.2d 644, 646 (7th Cir. 1985) (cited with approval in Smith v. Robbins, 528 U.S. 259, 288, 120 S. Ct. 746 (2000)). As for Strickland's prejudice prong, "[p]rejudice results if the attorney's deficient performance would likely render either the defendant's trial fundamentally unfair or the conviction and sentence unreliable." United States v. Dovalina, 262 F.3d 472, 474 (5th Cir. 2001).

a. *Extraneous Offense Evidence*

In his second state application for habeas corpus relief Petitioner raised the issue that appellate counsel was ineffective for failing to correctly raise the issue of the improper admission of extraneous offense evidence. The Texas Court of Criminal Appeals denied relief. The trial court noted Petitioner failed to allege any potentially meritorious grounds which counsel might have raised. Ex parte Santos, Appl. No. 74,544-02 at 153.

As explained above, the extraneous offense evidence was admissible. Accordingly, appellate counsel was not deficient in failing to argue a different admissibility standard. Moreover, Petitioner failed to show prejudice, as trial counsel was not deficient. Having independently reviewed the

entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence.

b. *Consequences of Not Filing a PDR*

Next, Petitioner argues counsel erred by failing to inform him of all the consequences of not filing a petition for discretionary review. Petitioner admits appellate counsel sent him a letter informing him of his right to file a petition for discretionary review. He argues, however, that counsel should have informed him that by failing to file a petition, he was facing the "end of all direct review."

Petitioner presented this claim in his first state application for habeas corpus relief. The state court determined there is no statutory or constitutional requirement that appellate counsel provide more information than was provided in Petitioner's case. Ex parte Santos, Appl. No. 74,544-01 at 40. As explained by Respondent, Petitioner has failed to identify any authorities holding that appellate counsel had this duty to instruct his client or that the failure to make a more thorough explanation of the legal process impaired his appeal by causing him to waive meritorious claims. Petitioner has failed to show either that appellate counsel erred by not informing his client of all the ramifications of not filing a petition for discretionary review or that he was in any manner harmed by this purported failure.

Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence. Accordingly, the Court is of the opinion that 28 U.S.C. § 2254, as amended by the AEDPA, bars habeas corpus relief on Petitioner's claim that he received ineffective assistance of appellate counsel.

3. Due Process

In his final ground for relief Petitioner argues Texas law does not adequately protect Petitioner's due process rights by failing to require appellate counsel to warn a client of the ramifications of not filing a petition for discretionary review. In addition, he argues Petitioner was effectively denied access to the prison law library and instead had to request law books be delivered to him in administrative segregation. He contends his right to access the courts was impaired. He suggests he would have been able to learn the importance of filing a petition for discretionary review had he been allowed to go to the library.

Petitioner also presented this claim in his first state application for habeas corpus relief. The state habeas court denied relief, indicating Petitioner failed to cite to any cases which have held a right to unrestricted access to the prison law library exists. Ex parte Santos, Appl. No. 74,544-01 at 40. Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence. Accordingly, Petitioner is not entitled to federal habeas corpus relief.

## RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be denied.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c) (1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective

December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

In this case, reasonable jurists could not debate the dismissal or denial of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El v. Cockrell, 537 U.S. 322, 327, 123 S. Ct. 1029 (2003) (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

**OBJECTIONS**

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are

being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 11th day of October, 2011.

__________________________________

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE